United States District Court
District of Massachusetts

|                             |   |                |
|-----------------------------|---|----------------|
| UNITED STATES OF AMERICA,   | ) |                |
|                             | ) |                |
| v.                          | ) |                |
|                             | ) | Criminal No.   |
| Melvin James,               | ) | 10-30017-NMG   |
|                             | ) |                |
| Defendant.                  | ) |                |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Melvin James is charged with possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841. Pending before the Court is defendant's motion to suppress evidence of a pretrial photo identification. Defendant requests a hearing on that motion.

## I. Background

The instant charge arises from an alleged drug transaction on February 19, 2011 between the defendant and a confidential informant ("CI") working with the FBI gang task force. The government purports to have a videotape of the defendant selling crack cocaine to the CI. Defendant was not arrested on that date.

Subsequently, on April 14, 2010, the defendant was arrested on state controlled substance charges. At some point, either following the February 19 drug sale (as the government contends)

or on the heels of the defendant's April 14 arrest (as defendant contends), a photograph of the defendant was sent to one or more police officers via email and/or text message. Massachusetts State Police Trooper Fitzgerald saw the photograph of the defendant and, on the date of the arrest, identified him as the individual selling drugs to the CI on February 19. About a week later, on April 22, 2010, the CI picked the defendant's photograph out of a photo array.

The defendant contends that the identification procedures employed were unnecessarily suggestive and violated the his right to due process under the Fifth and Fourteenth Amendments. He moves to suppress all evidence and testimony relating to the identifications by Trooper Fitzgerald and the cooperating witness as well as any in-court identification by those witnesses. He further requests on oral hearing on the motion.

## II. Analysis

### A. Legal Standard

The First Circuit employs a two-part test to evaluate the admissibility of an out-of-court identification. United States v. Henderson, 320 F.3d 92, 100 (1st Cir. 2003). First, the Court determines if the identification procedure was "impermissibly suggestive." Id. If it was, the Court next asks if the identification was nonetheless reliable under the totality of the circumstances. Id.; see Manson v. Braithwaite, 432 U.S. 98, 114

(1977). Identification evidence should be withheld from the jury "only in extraordinary cases." United States v. Rivera-Rivera, 555 F.3d 277, 282 (1st Cir. 2009). The primary pitfall to be avoided is a "very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U.S. 188, 198 (1972).

Under the first step, "impermissibly suggestive" means that "a positive identification is likely to result from factors other than the witness's own recollection of the crime." Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997). The suggestiveness of an identification procedure that does not rise to the level of "impermissible" is a proper subject of cross-examination and the jury is competent to weigh intelligently questionable identification testimony. United States v. Maguire, 918 F.2d 254, 263-64 (1st Cir. 1990).

Reliability is the "linchpin in determining the admissibility of identification testimony." Henderson, 320 F.3d at 100 (citing Manson, 432 U.S. at 114). When analyzing reliability, the Court considers: 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of the witness' prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation and 5) the length of time between the crime and the confrontation. Rivera-Rivera, 555 F.3d at 284 (citation omitted).

A defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress; rather, a hearing is required only if a defendant establishes that material facts are disputed and that a hearing would assist the Court in resolving the dispute. United States v. D'Andrea, 648 F.3d 1, 5 (1st Cir. 2011). A defendant's affidavit alone, even if one is submitted, is not cause for an evidentiary hearing if it contains conclusory allegations and makes no offer of proof with respect to any other facts that might support these allegations. See United States v. Southard, 700 F.2d 1, 10 (1st Cir. 1983); United States v. Calderon, 77 F.3d 6, 9 (1st Cir. 1996).

**B. Application**

The Court need not address whether the identification of defendant by Trooper Fitzgerald was impermissibly suggestive, or whether any in-court identification by Trooper Fitzgerald would be tainted by that identification, because the government has stated in its memorandum that it will not have Trooper Fitzgerald identify the defendant or offer evidence related to his out-of-court identification at trial. Therefore, that issue is moot.

With respect to the CI's identification of the defendant from a photo array, the record demonstrates that the identification procedure was entirely proper. Each of the seven photos depicts what appears to be an hispanic male of roughly the same age as defendant. Each has short, dark hair and a moderate

amount of facial hair. Each is depicted in simple attire against the same backdrop.

The defendant claims the array is unnecessarily suggestive because only two of the photos are "close-ups", one depicting the defendant and the other depicting a man with a conspicuous scar on his right cheek. That objection grasps at straws. Although the defendant is somewhat closer to the camera than several of the other men photographed, the features of all photographed are equally discernable. That being the case, defendant has offered no legal precedent or common-sense reason to support the proposition that a moderately zoomed-in photo of a suspect would be suggestive of that suspect's guilt.

Furthermore, the Court discerns no disputed material facts and concludes that a hearing is not needed to resolve the matter. Although the government contends that the photo array consisted of nine photos and the defendant contends it consisted of seven, the dispute is immaterial because the seven photos provided by the defendant demonstrate that there was no impermissible suggestiveness at play.

### ORDER

In accordance with the foregoing, defendant's motion to suppress identification evidence (Docket No. 62) is **DENIED** without a hearing.

So ordered.

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated November 2, 2011